**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

STEVEN JEAN-PIERRE,                        )
                                           )        Civil Action No. 09-266J
            Plaintiff,                     )
                                           )        District Judge Kim R. Gibson
      v.                                   )        Chief Magistrate Judge Lisa Pupo Lenihan
                                           )
BUREAU OF PRISONS; JOHN                    )        ECF Nos. 44, 49, 59, 73, 76
YOST, Warden, FCI Loretto; and             )
MARYANN PALKO, FCI Loretto                 )
Religious Chaplain,                        )
            Defendants.

**MEMORANDUM ORDER**

The above captioned case was initiated on October 8, 2009, by the filing of a civil rights complaint and a motion to proceed *in forma pauperis*. It was referred to a magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Plaintiff's Complaint (ECF No. 3) asserts liability pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that during the time he was incarcerated at FCI-Loretto, Defendants discriminated against him based on his Rastafarian religious beliefs. Specifically, he alleges violations of his rights under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment because Defendant Chaplain Maryann Palko removed him from the Certified Religious Diet Program on June 3, 2008, and Defendant Warden John Yost refused to reinstate him in the program.

On April 27, 2010, Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (ECF No. 18.) A Report and Recommendation was entered on July 30,

2010, wherein it was recommended that Defendants' motion be treated solely as a motion to dismiss and be granted as to Plaintiff's claims against the Federal Bureau of Prisons (BOP) and against the individual Defendants in their official capacity but denied in all other respects without prejudice to Defendants refilling a proper summary judgment motion and allowing Plaintiff to conduct relevant discovery. (ECF No. 26.) After Plaintiff filed objections to the Report and Recommendation, the report was adopted by Memorandum Order dated September 27, 2010. (ECF Nos. 27, 28.)

Defendants filed an Answer and Affirmative Defenses to Plaintiff's Complaint on June 6, 2011, and Plaintiff filed a Motion for Judgment on the Pleadings and Opposition to Defendants' Answer and Affirmative Defenses on July 27, 2011. (ECF Nos. 42, 44.) On August 1, 2011, Defendants filed a Motion for Summary Judgment (ECF No. 49), and on October 3, 2011, Plaintiff filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment (ECF No. 59).

On February 13, 2012, Magistrate Judge Lisa Pupo Lenihan entered a Report and Recommendation (ECF No. 73) recommending the following: (1) Plaintiff's Motion for Judgment on the Pleadings be denied; (2) Plaintiff's Motion to Dismiss, or in the alternative, Motion for Summary Judgment be treated solely as a response to Defendants' Motion for Summary Judgment and be denied as moot; and (3) Defendants' Motion for Summary Judgment be granted. Plaintiff was served with the Report and Recommendation at his listed address and advised that he had until March 1, 2012, to file written objections. In response, Plaintiff filed written objections on February 28, 2012. (ECF No. 75.) Plaintiff's objections do not undermine the recommendation of the Magistrate Judge.

Plaintiff also filed a Motion to Stay Judgment (ECF No. 76), whereby he requests that the Court stay judgment until he receives documents he has requested pursuant to the Freedom of Information Act which can "prove [his] case." Generally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). In order for a stay to be granted, the movant must demonstrate the likelihood of prevailing on the merits, that the movant will suffer irreparable harm if the stay is denied, that the other party will not be substantially harmed by the stay, and that the public interest will be served by granting the stay. *See* Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 659 (3d Cir. 1991). In this case, Plaintiff has failed to demonstrate a likelihood of prevailing on the merits to support a stay of the Court's order granting summary judgment in favor of Defendants.

The information that Plaintiff has allegedly requested pursuant to the Freedom of Information Act appears to be the FCI-Loretto Inmate Handbook and documents pertaining to "the method that Defendant Palko used to reinstate . . . inmates who were removed [from] the [Certified Religious Diet] Program." (ECF No. 76 at 5.) He claims that this information would conclusively show that Defendants are not entitled to summary judgment. Specifically, Plaintiff contends that, contrary to Defendants' assertions, the FCI-Loretto Inmate Handbook does not state that inmates who participate in the Certified Religious Diet Program can be suspended from the program for removing food from the mess hall. Additionally, he claims that Defendant Palko did not require other inmates to submit, prior to their reinstatement into the program, written documentation from their faith groups stating that the Certified Religious Diet Program is a requirement for their religion. However, Plaintiff's arguments are not new to the Court as they

3

were raised in his pleadings and considered and rejected by the Magistrate Judge in her Report and Recommendation. As such, Plaintiff has failed to demonstrate that there is a basis for the Court to stay judgment.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the objections thereto, the following order is entered:

**AND NOW**, this 2ND day of March, 2012;

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 49) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 59) is treated solely as a response to Defendants' Motion for Summary Judgment and is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Report and Recommendation dated February 13, 2012 (ECF No. 73) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Judgment (ECF No. 76) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

4

By the Court:

Kim R. Gibson
United States District Judge

cc: Steven Jean-Pierre
    49152-053
    Allenwood Low
    Federal Correctional Institution
    Inmate Mail/Parcels
    P.O. Box 1000
    White Deer, PA 17887

    Counsel of record.